IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STEVEN FORISH,<br><br>　　　　　　　　　*Plaintiff,*<br><br>　v.<br><br>JOHN BRASILE, *et al,*<br><br>　　　　　　　　　*Defendants.* | Civil Action No. 2:23-cv-1316<br><br>Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Robert Steven Forish ("Forish"), a former volunteer firefighter in the City of Latrobe Volunteer Fire Department, brought this action under 42 U.S.C. §§ 1983 and 1985(3) contending that Defendants entered into a conspiracy to have him falsely charged with crimes for his handling of the treasury funds of Hose Company No. 1 in retaliation for public positions he took in opposition to the fire chief. (ECF Nos. 1 and 22). Pending before the Court are three motions to dismiss the amended complaint ("Amended Complaint") filed by Defendants Randall D. Gardner ("Gardner") (ECF No. 24), the City of Latrobe ("City") (ECF No. 26), and the Latrobe Volunteer Fire Department ("LVFD"), John Brasile ("Brasile") and Chuck McDowell, Jr. ("McDowell") (collectively, the "LVFD Defendants") (ECF No. 28). Defendants' motions will be granted for the following reasons.

I. **STANDARD OF REVIEW**

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on

1

its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

## II. FACTUAL BACKGROUND

Forish, a Latrobe City Council member, is a former volunteer fireman in the LVFD. He began serving as a volunteer fireman in 1997. (ECF No. 22, p. 4). Hose Company No. 1 is one of five volunteer fire companies comprising the LVFD, and Forish was a member and the treasurer of Hose Company No. 1. (*Id.*). At the time of events at issue, Brasile was the LVFD fire chief, and McDowell was the president of the LVFD. (*Id.* at 2). Forish alleges that:

2

> In at a city council meeting on or about December 2019, Plaintiff Forish also advised Mayor Wolford and Latrobe City Council of Defendant Brasile's history of aggressive and unlawful retaliation against members of the Latrobe Volunteer Fire Department who exercise their First Amendment rights to citizen speech about matters of public concern, and who report in good faith Brasile's instances of civil and criminal wrongdoing, fraud, waste, and corruption in his official capacity as Fire Chief, and warned and requested Mayor Wolford and Latrobe City Council to "rein him in," including imposing greater training, supervision, and discipline immediately upon Defendant Brasile and other high ranking Defendant Fire Department managerial personnel, including Defendant McDowell, in order to prevent further violations of the Constitutional and federal civil rights of its volunteer firefighters, as well as imminent harm to the citizens and property of Defendant City.

(*Id.* at 7-8). After five volunteer firefighters were expelled, Forish alleges that a quorum of Hose Company No. 1 members voted on January 9, 2021, to provide legal assistance to the expelled firefighters and he co-signed three checks to legal counsel in his capacity as treasurer. (*Id.* at 17-21). Furthermore, in his capacity as Hose Company No. 1's elected representative to the Board of Appeals, he attempted to ascertain whether an appeal hearing had been scheduled for the expelled firefighters. (*Id.* at 18).

According to Forish, he learned on April 7, 2021, from the President of Hose Company No. 1 and the Fireman's Club, Charles "Chazzy" Nindle, Jr., that "Defendants Brasile and LVFD were taking steps to retaliate against him [ ] for [his] role in dispensing Hose Company No. 1 funds to legal counsel...." (*Id.* at 21-22). Several days later, Forish was suspended by letter from the Acting Secretary of Hose Company No. 1 from any and all activities within the company. Forish was directed to turn over all property, including paperwork related to his role as treasurer. (*Id.* at 22); (ECF No. 22-15).

Forish contends that Brasile and McDowell manipulated evidence (including the minutes from the January 9, 2021, monthly meeting) to secure the filing of criminal charges against him for allegedly misappropriating $21,000.00. (ECF No. 22, pp. 22-24). On July 20, 2021,

Gardner, a detective with the Westmoreland County District Attorney's Office, filed misdemeanor and felony charges against Forish. (*Id.* at 26); (ECF No. 22-14). The Commonwealth of Pennsylvania withdrew the charges on December 20, 2021, and an interpleader action commenced in the Court of Common Pleas of Westmoreland County at Case No. 281 of 2022 as to whether the payments were legally authorized by Hose Company No. 1. (ECF No. 22, p. 29). The interpleader action was resolved in Forish's favor. (*Id.* at 31).

Charles Nindle (President), Dan Woods (Vice President), and Kevin Gray (2nd Vice President) of Hose Company No. 1, expelled Forish from Goodwill Hose Company No. 1 effective September 3, 2022, on the grounds that, "[y]ou knowingly signed for 3 checks for the representation of nonmembers to pay attorney fees." (ECF No. 22-16).

### III.   ANALYSIS

**A. The City's and the LVFD Defendants' motions (ECF Nos. 26 and 28) will be granted.**

Forish brings the following 42 U.S.C. § 1983 claims against the City and the LVFD Defendants: First Amendment-Freedom of Speech, Peaceable Assembly, Petitioning for Redress of Grievances–Retaliation (Count I); Fourteenth Amendment–Due Process (Count II); and Conspiracy under §§ 1983 and 1985 (Count IV). At Count III, he brings a claim of Municipal/*Monell* Liability against the City. At Count V, Forish brings a claim of supervisory liability against Brasile. (ECF No. 22). He also brings Pennsylvania state law tort claims of malicious prosecution (Count VI), abuse of process (Count VII), false imprisonment (Count VIII), intentional infliction of emotional distress (Count IX), and defamation (Count X) against the City and the LVFD Defendants. (ECF No. 22). All claims will be dismissed.

**1. The § 1983 claims will be dismissed with prejudice.**

To state a claim under § 1983, Forish must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). He has not done so.

### a) *Forish fails to state a First Amendment retaliation claim.*

At Count I, Forish brings a First Amendment retaliation claim. (ECF No. 22, pp. 33-38). "'[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (citation omitted). To state a First Amendment retaliation claim, Forish must plead: (1) that he engaged in constitutionally protected conduct; (2) that he suffered "retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights"; and (3) a causal connection between the protected activity and the retaliatory act. *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citation omitted). "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (citation omitted). Logically, a plaintiff asserting retaliation "will have to show ... that the decision maker had knowledge of the protected activity[.]" *Moore v. City of Philadelphia*, 461 F.3d 331, 351 (3d Cir. 2006) (citation omitted).

Forish has possibly alleged that he engaged in some First Amendment protected conduct by complaining at a December 2019 City Council meeting about Brasile's misconduct as fire chief and making an inquiry about an appeal hearing for expelled Hose Company No. 1 firefighters prior to June 25, 2020. The suspension of his membership with Hose Company No. 1 in April 2021, the filing of criminal charges against him on July 20, 2021, and his September 3,

2022, expulsion from Hose Company No. 1 can be construed as retaliatory acts, but Forish has failed to plead a causal link between his possibly protected speech and the alleged retaliatory act(s).

A plaintiff can "establish the requisite causal connection by showing either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 759 (3d Cir. 2019) (internal quotation marks omitted). When a plaintiff relies solely on circumstantial evidence of temporal proximity, the time between the protected conduct and the adverse action is often measured in days rather than weeks or months. *See Conard v. Pa. State Police*, 902 F.3d 178, 184 (3d Cir. 2018).

Here, there is no temporal connection between Forish's alleged citizen speech in December 2019 (and June 2020) and his April 2021 suspension, the filing of criminal charges against him in June 2021, or his discharge from Hose Company No. 1 in September 2022. Forish has failed to plead the existence of any evidence of a pattern of antagonism against him. All that he has come forth with is one comment made to him by a non-defendant that "Defendants Brasile and LVFD were taking steps to retaliate against him [ ] for [his] role in dispensing Hose Company No. 1 funds to legal counsel...." (ECF No. 22, pp. 21-22). Even if this comment was made by one of the named defendants, it is insufficient. A single comment does not establish a pattern of antagonism. As Forish has failed to allege the existence of a casual connection, he has failed to state a First Amendment retaliation claim. Count I against the City and the LVFD Defendants will be dismissed.

    ***b)   Forish fails to state a claim under the Fourteenth Amendment.***

At Count II, Forish asserts a Fourteenth Amendment due process claim based on his claimed liberty interest in his good name and reputation, property rights, and ability to serve as a firefighter. (ECF No. 22, pp. 38-44). The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law...." U.S. Const. Amend. XIV. Forish's Amended Complaint is unclear as to whether he is bringing a substantive or procedural due process claim. Regardless, he has failed to state a viable Fourteenth Amendment due process claim, and by not responding to the City's argument in support of its motion seeking dismissal of Count II, Forish has conceded by omission the lack of a viable claim against the City. (ECF No. 33).

Membership in a volunteer fire company is not a property interest protected by the Fourteenth Amendment. *See Versage v. Twp. of Clinton N.J.*, 984 F.2d 1359, 1370 (3d Cir. 1993); *Dunkel v. Mt. Carbon/N. Manhein Fire Co.*, 970 F. Supp. 374, 380 (M.D. Pa. 2013). Consequently, this aspect of Forish's due process claim is dismissed.

As to Forish's claimed deprivation of a liberty interest in his reputation, he had to plead a stigma to his reputation plus deprivation of some other additional right or interest, otherwise known as the "stigma-plus" test. *Hill v. Borough of Kutztown*, 453 F.3dd 225, 236 (3d Cir. 2006). This is because "reputation alone is not an interest protected by the Due Process Clause," particularly in a volunteer context. *Clark v. Township of Falls*, 890 F.2d 611, 619 (3d Cir. 1989); *see also Paul v. Davis*, 424 U.S. 693, 701–12 (1976); *Versage*, 984 F.2d at 1371. "Courts that have addressed the constitutional requirements for a protected interest in reputation in a volunteer context have refused to find such a protected interest where the plaintiff has failed to show lost opportunity for employment." *Versage*, 984 F.2d at 1371 (citations omitted).

Forish has generally alleged that "Defendants' attacks on Plaintiff's reputation and good name have permanently damaged Plaintiff's future prospects for employment as a firefighter elsewhere." (ECF No. 22, p. 41). This is insufficient to state a viable claim. Forish has failed to come forth with facts as to how he has lost employment opportunities. No facts are alleged that he has applied for volunteer firefighter membership elsewhere and been denied. There are no well-pleaded factual averments that Forish's actual prospects as a firefighter have been harmed.

Count II against the City and the LVFD Defendants will be dismissed.

### c) *Forish fails to state a civil rights conspiracy claim.*

At Count IV, Forish brings a civil rights conspiracy claim. Section 1985(3) provides a remedy against private conspiracies and conspiracies by state actors. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993). It creates a private right of action for persons injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws...." 42 U.S.C. § 1985(3). "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of [her] constitutional rights. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). More specifically, a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828–29 (1983). The first element requires allegations of a conspiracy that are "based in fact" and not "merely upon [the

plaintiff's] own suspicion and speculation." *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991). To satisfy the second element, "mere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." *L.R. ex rel. D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) (en banc) (cleaned up).

The Amended Complaint does not allege a plausible claim under § 1985. "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (citation omitted). "[A] bare assertion of conspiracy will not suffice." *Twombly*, 550 U.S. at 556. To state a claim for conspiracy, a plaintiff must do more than recite talismanic phrases like "conspire" and "act in concert." *See Jutrowski*, 904 F.3d at 295 (explaining that, to state a civil conspiracy claim, a plaintiff must demonstrate that defendants "somehow reached an understanding to deny [the plaintiff] his rights" (alteration in original)); *Adams v. Corr. Emergency Response Team*, 857 F. App'x 57, 61 (3d Cir. 2021) (explaining that, to state a § 1985 conspiracy claim, a plaintiff must sufficiently allege "facts and circumstances" that "support the elements of the conspiracy" and show agreement between defendants to deprive a plaintiff of a constitutional right); *Stankowski v. Farley*, 251 F. App'x 743, 748 (3d Cir. 2007) (finding that "conclusory allegation" that defendants "conspired" against him fails to state a claim for civil conspiracy).

Forish's allegations of conspiracy are grounded in conclusory statements that can only be described as "threadbare recitals of the elements" of the cause of action, detailing the City and the LVFD Defendants' interrelated responsibilities and Forish's suspicions of foul motive. *Iqbal*, 556 U.S. at 678. His allegations do not adequately allege facts and circumstances showing that the City and the LVFD Defendants conspired or reached any agreement to deprive Forish of

his constitutional rights. He has not alleged with any specificity the contours of an illegal agreement against him by identifying the specific parties to the agreement, the object of the agreement, or when this agreement was made. He has not alleged any factual basis on which one could infer a conspiracy; there are no averments of communications, consultation, cooperation, or command, and there are no facts pled as to the role each Defendant played in carrying out a conspiracy. Accordingly, Forish has not alleged a plausible basis for a conspiracy.

In addition, nothing in the Amended Complaint suggests any factual basis for race- or class-based discrimination against Forish. The purpose of § 1985(3) is not to provide a federal remedy for all conspiracies that interfere with a plaintiff's federal rights. Rather, a plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" in order to state a claim for relief. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Because Forish alleges no facts suggesting that any action taken against him was on account of his membership in a protected class, his claim fails.

Count IV against the City and the LVFD Defendants will be dismissed.

### d) *Forish fails to set forth a Monell claim against the City.*

At Count III, Forish brings a *Monell* claim against the City. (ECF No. 22, pp. 44-53). The first consideration is whether a plaintiff has "identif[ied] the exact contours of the underlying right said to have been violated" and "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (*en banc*) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). If a constitutional violation has been properly alleged, a municipal entity may be liable for it under § 1983 if the

violation was a direct result of the entity's policy, custom or practice.[1] *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 695 (1978). However, an entity may not be held liable "solely because injuries were inflicted by its agents or employees." *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, a plaintiff must demonstrate a "direct causal link" between the alleged constitutional violation and the municipal policy or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). A plaintiff may show that either an official policy of the municipality was the moving force behind the violation, or that the municipality had an informal custom such that it operated as the municipality's policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986); *Monell*, 436 U.S. at 690. In either scenario, the plaintiff has the burden to show that the policy or custom was implemented or acquiesced in by a policymaker. *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990). "[M]unicipal liability may be imposed for a single decision by municipal policymakers ... where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur*, 475 U.S. at 480-83.

Further, if the alleged policy or custom at issue is a failure to train or supervise (as it seemingly is here), the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*,

---

[1] "Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000) (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)). It also can be made where an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes," *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). Customs are "'practices of state officials ... so permanent and well settled' as to virtually constitute law." *Berg*, 219 F.3d at 275 (citations omitted).

11

181 F.3d 339, 357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a " 'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary ...." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely ... result in the violation of constitutional rights"—i.e., to show that "the need for more or different training [was] so obvious." *City of Canton*, 489 U.S. at 390.

The *Monell* inquiry asks whether a municipality, like the City, was deliberately indifferent to the risk of a constitutional violation. As noted, to sufficiently state a *Monell* claim, a plaintiff must identify the constitutional right at issue, identify the policy or custom at issue, identify the policymaker, demonstrate deliberate indifference or evidence of knowledge and acquiescence by the policymaker, and demonstrate causation. *Monell* claims are based on an underlying constitutional violation, and where a plaintiff has no such claims remaining, the *Monell* claims must also fail. Here, as discussed above, since no viable constitutional claim has been set forth against the City, there is nothing to hold the City liable for under *Monell*. The *Monell* claim will be dismissed.

Even if Forish had come forth with a constitutional violation, he failed to plead an adequate factual basis that it was the direct result of the City's policy, custom or practice. None of Forish's allegations in his Amended Complaint contain specific information regarding any policy, practice, custom or affirmative act taken by a policy making official of the City against him. The Amended Complaint does not identify a cognizable official proclamation, policy or edict that could serve as a hook for the City's lability. Forish does not allege a history of similar problems at the LVFD. No allegations exist that Brasile or McDowell was responsible for

making policy for the LVFD, or that he actually had such policymaking authority on behalf of the City. Further, the Amended Complaint contains no allegations that the mayor or the City had any knowledge of Brasile and McDowell allegedly orchestrating the filing of criminal charges against Forish by their alleged manipulation of evidence, or of "Defendant Brasile wrongfully threaten[ing] to have Forish arrested if he appeared or attempted to participate in any appeal proceedings involving the aforesaid expelled members of Hose Company No. 1." (ECF No. 22, p. 19). While Forish has alleged that the City's mayor and the members of its City Council had knowledge of Forish's close association with other Hose Company No. 1 members who along with him complained publicly about Brasile's performance as fire chief, he does not contend that these same individuals participated in or even acquiesced in any conduct against him. Forish has not alleged that Brasile, or any other City agent, notified City Council of an intention to instigate a police investigation of Forish, nor that such a plan was approved by the City's governing body. Forish's allegations that the City subjected him to the criminal charges by allowing Brasile to remain as fire chief in light of the complaints against Brasile is insufficient to establish *Monell* liability. The Court agrees with the City that:

> Plaintiff has not and cannot allege that members of City Council had any reason to anticipate that Chief Brasile or Firefighter McDowell would intentionally "frame" him or anyone else with false criminal charges. No pattern of similar violations has been alleged. Nor can a single violation of this kind by a government employee justify *Monell* liability, because malicious meddling by Fire Department personnel in law enforcement issues is not an inevitable or even foreseeable situation as to which a need for training would have been obvious. And no policy of the City would have been the moving force behind such conduct. [ ]
> Plaintiff has not alleged that the charges filed against him resulted from application by City employees of a City policy or custom. Indeed, the police power of the City were not utilized at all against the Plaintiff, and Defendants Brasile and McDowell could have orchestrated the claimed manipulation of the county detective even if they previously had been expelled from Fire Department.

(ECF No. 35, pp. 5-6). Count III against the City will be dismissed.

### *e) Forish fails to set forth a supervisory liability claim against Brasile.*

At Count V, Forish brings a claim of supervisory liability against Brasile. The Court has already determined that Forish has failed to allege an underlying constitutional violation. *See Talley v. Varner*, 786 F. App'x 326, 3298 (3d Cir. 2019) (supervisor liability claim fails when there is no underlying constitutional violation). Therefore, no viable supervisory liability claim exists.[2]

The Court further notes that even if Forish had sufficiently alleged a constitutional violation, he has failed to set forth a viable supervisory liability claim against Brasile. "There are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in [their] subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Forish has not come forth with adequate facts to establish supervisory liability under either theory.

There are no allegations in the Amended Complaint that Brasile maintained a policy, custom or practice that directly caused any potential constitutional harm. No allegations exist that Brasile directed any subordinates to violate Forish's rights, or that he participated with them in violating Forish's rights. To the extent that Forish claims that at Brasile's direction, Brasile's subordinates turned over the January 9, 2020 Hose Company No. 1 meeting minutes and notified Forish of his suspension and expulsion from Hose Company No. 1, these are not constitutional

---

[2] Forish's supervisory liability claim appears to be duplicative of his municipal liability claim at Count III. The claim against Brasile in his official capacity is functionally identical to the municipal liability claim against the City.

violations and they certainly do not give rise to supervisory liability. Additionally, Brasile is the chief of the LVFD (comprised of five volunteer fire companies, including Hose Company No. 1), and no allegations exist that Brasile was involved with the day-to-day operations and running of Hose Company No. 1. Forish's allegations as to Brasile relate to Brasile's own conduct (e.g., expelling members of Hose Company No. 1, doctoring the January 9, 2020 Hose Company No. 1 meeting minutes, and providing false information to Gardner to file charges against Forish), and are not the proper basis of a supervisory liability claim under § 1983.

Count V against Brasile will be dismissed.

### f) *Further amendment is futile and will not be permitted.*

Forish has failed to cure the deficiencies with his federal claims even after the Court allowed him amendment in light of Defendants' initial motions to dismiss. He has filed a ninety-five page Amended Complaint. The facts set forth in his Amended Complaint remain virtually unchanged since the filing of his original complaint (*compare* ECF No. 1, pp. 3-22 *to* ECF No. 22, pp. 3-32), and Forish has admitted as much. (*See* ECF No. 34, p. 19). Forish has come no closer than his previous complaint to stating plausible federal causes of action. This lawsuit has been pending for a year. In responding to Defendants' second round of motions to dismiss, Forish has not sought further amendment. (*See* ECF Nos. 32, 33, 34). The Court will not grant Forish further amendment as it holds that it would be futile.[3] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for

---

[3] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024).

reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility). All federal claims will be dismissed with prejudice.

### 2. The state law claims will be dismissed without prejudice.

A district court "may decline to exercise supplemental jurisdiction" over state law claims if it "has dismissed all claims over which it has original jurisdiction[,]" 28 U.S.C. § 1367(c)(3), unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction. *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). The Court finds that no factors or extraordinary circumstances exist that would warrant the Court exercising supplemental jurisdiction over Forish's state law claims against the City and the LVFD Defendants.[4] It will dismiss Counts VI, VII, VIII, IX and X without prejudice for Forish to assert them in state court.

### B. Gardner's motion (ECF No. 24) will be granted.

Forish also brings state law claims against Gardner, a detective in the Westmoreland County District Attorney's Office, for malicious prosecution (Count VI) and false imprisonment (Count VIII). No federal claims against Gardner are alleged. The Court can exercise supplemental jurisdiction over state law claims involving a defendant against whom no federal cause of action is stated, as long as a federal cause of action is stated against another defendant. Here, all federal claims against the City and the LVFD Defendants have been eliminated. Therefore, the Court declines to exercise jurisdiction over Forish's state law claims against

---

[4] Forish's state law claims are all intentional torts, and the City is a political subdivision entitled to governmental immunity as preserved in Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq.* ("Tort Claims Act"). Additionally, given Forish's deficiencies in pleading that the LVFD Defendants engaged in conduct intentionally to achieve a wrongful purpose, they too may be immune from liability under the Tort Claims Act. But these are issues to be resolved in state court should Forish choose to pursue his claims there.

Gardner. It will grant Gardner's motion and dismiss Counts VI and VIII against him without prejudice for Forish to assert them in state court.

## IV. CONCLUSION

For the foregoing reasons, all pending motions to dismiss will be granted and this case will be closed. Orders of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Date: 6-18-24